IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THE SCOTTS COMPANY LLC, <br> an Ohio Limited Liability Company, <br>  Plaintiff, <br> v. <br> PENNINGTON SEED, INC., <br> a Delaware Corporation, <br>  Defendant. | Civil Action No. 3:12-cv-168 |

**STIPULATION TO NARROW ISSUES FOR REMAINING DISCOVERY AND TRIAL**

Plaintiff The Scotts Company LLC ("Scotts") and Defendant Pennington Seed, Inc. ("Pennington") (collectively the "Parties") desire to reduce litigation costs, to preserve judicial resources, and to avoid the disclosure of highly sensitive financial and business information related to potential damages claims in the above-referenced case by, among other measures, avoiding the time and expense of litigating and proving potential damages awards or of litigating and proving essentially undisputed issues, without unnecessarily limiting their ability to properly litigate their claims and defenses or to obtain effective relief (dependent, of course, on the Court's ultimate findings as to liability).

Given the foregoing objectives, the Parties, by their respective counsel, agree and stipulate to the following with respect to remaining discovery and with respect to the bench trial scheduled to begin on June 10, 2013, before the Honorable James R. Spencer, United States District Judge:

1

1. The Parties confirm that they waive all right to a jury trial in the above-referenced case, and that they will submit to a bench trial before the Honorable James R. Spencer.

2. The Parties waive all claims to money damages. The Parties will neither engage in damages discovery in any form nor use damages experts.

3. The Parties consent to entry of a permanent injunction against: (1) any advertising claim that the Court finds false or misleading and/or (2) any advertising claim that the Court finds to be in violation of the 2010 Settlement Agreement between the Parties. Only the advertising and express advertising claims subject to such findings will be permanently enjoined. Further;

    a. The Parties stipulate that all challenged advertising claims are material.

    b. The Parties agree that the use of any challenged advertising claim that the Court finds to be false or misleading, or to have violated the 2010 Settlement Agreement, caused irreparable harm to the challenging party.

4. The Parties agree that all advertising of an enjoined claim and any use of point of purchase advertising ("POP") or internet marketing containing an enjoined advertising claim will be stopped within ten (10) days of any injunction issued by the Court as contemplated in this Stipulation. The Parties further agree to a reasonable period of 180 days (and no longer) during which a party may continue to distribute to retailers products in any product packaging or product label including any advertising claim subject to an injunction issued by the Court as contemplated in this Stipulation. The Parties further agree that if one party learns of advertising, POP, internet marketing, or packaging that is

distributed to or remains in the retail market after the timeframes set forth in this paragraph, notice will be given to the other party and there will be a 10 day period for that other party to cure any proven violation of this paragraph.

5. The Parties further agree that a party may re-use any enjoined advertising claim that the Court finds false and/or misleading if (1) there is a subsequent material formulation change in the product advertised and (2) new testing that is modified and consistent with any Court ruling Court in this case supports the truthfulness or accuracy of such advertising claim.  The Parties do not waive any rights to challenge the truthfulness or accuracy of any such claim that a party re-uses.

6. The Parties will work in good faith to create a list of stipulated facts designed to reduce the proof required during the trial of the streamlined issues. Consistent with the effort to streamline the trial presentation, the Parties further agree to work in good faith to stipulate to the admissibility of evidence.

7. The Parties agree to exchange a list of the advertising claims of the opposing party that it intends to challenge at trial by April 15, 2013.  Within ten days of the exchange, the Parties will meet and confer to identify which, if any, pretrial motions are appropriate to dispose of any claim. The Parties anticipate identifying whether claims are appropriately the subject of a summary judgment motion, or a motion in limine.  The Parties further agree to raise all issues to be addressed in any motion and make a good faith effort to resolve any claim.  The Parties agree to the following briefing schedules for any of the foregoing motions:  initial brief due on or before May 15, 2013; brief in opposition due on or before May 29, 2013; reply brief due on or before June 6, 2013.

8. Should either party withdraw certain claims or advertising after the meet and confer contemplated in paragraph 7 above, notice shall be provided in writing and furnished under seal to the opposing party and to the Court.  The Parties agree that no stipulated injunction or other order from the court shall be necessary but the notice shall be deemed a binding agreement to stop the advertising and/or any use of the advertising claim, provided however, that the Parties may follow the same timeframes and cure procedures set forth in paragraph 4 above.  No trial on such withdrawn claims or advertising will be permitted.  If any advertising is withdrawn, the notice shall apply only to the advertising and not to the underlying claims made in the advertising unless expressly stated otherwise. The Parties further agree that the re-use provisions of paragraph 5 above will also apply any advertising withdrawn pursuant to this paragraph.

9. The Parties agree to limit witnesses and depositions as follows per side: each party will designate no more than five (5) trial witnesses, inclusive of experts and fact witnesses, and each party will be able to depose the opposing party's 5 (or fewer) designated witnesses and also notice and take one 30(b)(6) deposition of the opposing party (which could include multiple deponents).  Depositions of each designated witness, and any 30(b)(6) depositions will be limited to one day of 8 hours on the record.  The Parties will provide their designations of witnesses as soon as possible, and in any event, no later than March 28, 2013.  Discovery must be completed on or before May 10, 2013.  The trial witnesses designated by each party will be the only witnesses at trial, and neither party can replace a designated witness or present any additional witness or designate any additional witness.  Each party may replace a designated trial witness only if an unexpected circumstance arises which renders that witness either physically unable to

appear at trial or creates an extreme hardship to the witness.  Finally, the Parties agree that the witness limitation shall not preclude a party from adding a witness to rebut an evidentiary challenge based on lack of foundation.  Any new witness, whether to replace an unavailable witness or to rebut evidentiary issues, must be made available for deposition.

Stipulated this 26th day of March, 2013.

                                                Respectfully submitted,

| /s/ Charles H. Sims | /s/ Stephen P. Demm |
|---|---|
| Charles M. Sims (VSB No. 35845) | Stephen P. Demm (VSB No. 30534) |
| Thomas M. Wolf (VSB No. 18234) | Thomas G. Slater, Jr. (VSB No. 05915) |
| LeClairRyan, A Professional Corporation | John G. Maynard, III (VSB No. 40596) |
| | Shelley L. Spalding (VSB No. 47112) |
| 951 East Byrd Street, 8th Floor | Hunton & Williams LLP |
| Richmond, Virginia 23219 | Riverfront Plaza, East Tower |
| 804-783-2003 Telephone | 951 East Byrd Street |
| 804-783-2294 Facsimile | Richmond, Virginia 23219 |
| Charles.Sims@leclairryan.com | 804-788-8200 Telephone |
| Thomas.Wolf@leclairryan.com | 804-788-8218 Facsimile |
| | sdemm@hunton.com |
| Ronald Y. Rothstein (*pro hac vice*) | tslater@hunton.com |
| Kevin P. McCormick (*pro hac vice*) | jgmaynard@hunton.com |
| Winston & Strawn LLP | sspalding@hunton.com |
| 35 West Wacker Drive | |
| Chicago, Illinois 60601 | Bradley W. Grout (*pro hac vice*) |
| 312-558-5600 Telephone | Hunton & Williams LLP |
| 312-558 5700 Facsimile | 600 Peachtree Street NE, Suite 4100 |
| rrothstein@winston.com | Atlanta, Georgia 30308 |
| | 404-888-4283 Telephone |
| | 404-888-4190 Facsimile |
| Attorneys for Pennington Seed, Inc. | bgrout@hunton.com |
| | |
| | Samuel A. Danon (*pro hac vice*) |
| | Hunton & Williams LLP |
| | 1111 Brickell Avenue |
| | Suite 2500 |
| | Miami, Florida 33131 |

305-810-2500 Telephone
sdanon@hunton.com

Attorneys for The Scotts Miracle-Gro
Company, Inc. and The Scotts Company, LLC

**SO ORDERED.**

_____
      United States District Judge

Dated: _____