IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THE SCOTTS COMPANY LLC, <br> an Ohio Limited Liability Company, <br>　　　　　　　　Plaintiff, <br> v. <br> PENNINGTON SEED, INC., <br> a Delaware Corporation, <br>　　　　　　　　Defendant. | Civil Action No. 3:12-cv-168 |

**REVISED STIPULATION TO NARROW ISSUES
FOR REMAINING DISCOVERY AND TRIAL**

WHEREAS, Plaintiff The Scotts Company LLC ("Scotts") and Defendant Pennington Seed, Inc. ("Pennington") (collectively the "Parties") desire to reduce litigation costs, to preserve judicial resources, and to avoid the disclosure of highly sensitive financial and business information related to potential damages claims in the above-referenced case by, among other measures, avoiding the time and expense of litigating and proving potential damages awards or of litigating and proving essentially undisputed issues, without unnecessarily limiting their ability to properly litigate their claims and defenses or to obtain effective relief (dependent, of course, on the Court's ultimate findings as to liability).

AND WHEREAS, the Parties, by their respective counsel, previously agreed and stipulated to a discovery and pretrial schedule for a bench trial scheduled to begin on June 10, 2013, before the Honorable James R. Spencer, United States District Judge.

1

AND WHEREAS, the Court and Parties subsequently agreed to reschedule the bench trial to begin on July 29, 2013 at 9:30 A.M.;

AND WHEREAS, on April 8, 2013, the Court entered its Scheduling and Jury Pretrial Order (Docket No. 114);

AND WHEREAS the Parties wish to clarify certain pretrial deadlines and the scope and effect of the issues to be decided at trial.

1. The Parties confirm that they waive all right to a jury trial in the above-referenced case, and that they will submit to a bench trial before the Honorable James R. Spencer.

2. The Parties waive all claims to money damages.  The Parties will neither engage in damages discovery in any form nor use damages experts.

3. The Parties consent to entry of a permanent injunction against: (1) any advertising claim that the Court finds false or misleading and/or (2) any advertising claim that the Court finds to be in violation of the 2010 Settlement Agreement between the Parties. Only the advertising and express advertising claims subject to such findings will be permanently enjoined. Further;

    a. The Parties stipulate that all challenged advertising claims are material.

    b. The Parties agree that the use of any challenged advertising claim that the Court finds to be false or misleading, or to have violated the 2010 Settlement Agreement, caused irreparable harm to the challenging party.

4. The Parties agree that all advertising of an enjoined claim and any use of point of purchase advertising ("POP") or internet marketing containing an enjoined advertising

claim will be stopped within ten (10) days of any injunction issued by the Court as contemplated in this Stipulation. The Parties further agree to a reasonable period of 180 days (and no longer) during which a party may continue to distribute to retailers products in any product packaging or product label including any advertising claim subject to an injunction issued by the Court as contemplated in this Stipulation. The Parties further agree that if one party learns of advertising, POP, internet marketing, or packaging that is distributed to or remains in the retail market after the timeframes set forth in this paragraph, notice will be given to the other party and there will be a 10 day period for that other party to cure any proven violation of this paragraph.

5. The Parties further agree that a party may re-use any enjoined advertising claim that the Court finds false and/or misleading if (1) there is a subsequent material formulation change in the product advertised and (2) new testing that is modified and consistent with any Court ruling Court in this case supports the truthfulness or accuracy of such advertising claim.  The Parties do not waive any rights to challenge the truthfulness or accuracy of any such claim that a party re-uses.

6. On April 15, 2013, by agreement, the Parties exchanged a list of the advertising claims of the opposing party that it intends to challenge at trial.  Within ten days of the exchange, the Parties will meet and confer to identify which, if any, pretrial motions are appropriate to dispose of any claim. The Parties anticipate identifying whether claims are appropriately the subject of a summary judgment motion, or a motion in limine.  The Parties further agree to raise all issues to be addressed in any motion and make a good faith effort to resolve any claim.

7. Should either party withdraw certain claims or advertising after the meet and confer contemplated in paragraph above, notice shall be provided in writing and furnished under seal to the opposing party and to the Court. The Parties agree that no stipulated injunction or other order from the court shall be necessary but the notice shall be deemed a binding agreement to stop the advertising and/or any use of the advertising claim, provided however, that the Parties may follow the same timeframes and cure procedures set forth in paragraph 4 above. No trial on such withdrawn claims or advertising will be permitted. If any advertising is withdrawn, the notice shall apply only to the advertising and not to the underlying claims made in the advertising unless expressly stated otherwise. The Parties further agree that the re-use provisions of paragraph 5 above will also apply any advertising withdrawn pursuant to this paragraph.

8. The Parties agree to limit witnesses and depositions as follows per side: each party will designate no more than five (5) trial witnesses, inclusive of experts and fact witnesses, and each party will be able to depose the opposing party's 5 (or fewer) designated witnesses and also notice and take one 30(b)(6) deposition of the opposing party (which could include multiple deponents). Depositions of each designated witness, and any 30(b)(6) depositions will be limited to one day of 8 hours on the record. The Parties will provide their designations of witnesses as soon as possible, and in any event, no later than April 22, 2013. The trial witnesses designated by each party will be the only witnesses at trial, and neither party can replace a designated witness or present any additional witness or designate any additional witness. Each party may replace a designated trial witness only if an unexpected circumstance arises which renders that witness either physically unable to appear at trial or creates an extreme hardship to the witness. Finally, the Parties

agree that the witness limitation shall not preclude a party from adding a witness to rebut an evidentiary challenge based on lack of foundation. Any new witness, whether to replace an unavailable witness or to rebut evidentiary issues, must be made available for deposition.

9. The deadlines set forth in the Court's Scheduling and Jury Pretrial Order dated April 8, 2013 shall govern this case, except to the extent that the deadlines relate to jurors, as this case is scheduled for a bench trial, and with the following modifications:

    a. Pursuant to ¶10 of the Court's Scheduling and Jury Pretrial Order, the Parties shall mutually exchange exhibit lists on or before July 19, 2013. The Parties shall mutually exchange objections to exhibits, if any, on or before July 26, 2013. The Court's requirements as to the availability, and form of the exhibits and objections set forth in ¶10 of the Court's Scheduling and Jury Pretrial Order shall remain binding on the Parties.

    b. Pursuant to ¶14 of the Court's Scheduling and Jury Pretrial Order, the Parties shall mutually file a list of any interrogatories, answers thereto, depositions, etc., specifying the appropriate portions thereof that they intend to offer in their case on or before July 12, 2013. Each party shall have until July 17, 2013 to file rebuttal designations. Any objection to the introduction of any of the foregoing shall be filed in writing by the objecting party no later than July 26, 2013. This paragraph does not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

c. Pursuant to ¶15 of the Court's Scheduling and Jury Pretrial Order, the Parties shall mutually file their list of witnesses, including fact and expert witnesses to be called in their case no later than April 22, 2013, as set forth in Paragraph 8 of this Revised Stipulation.

d. The parties have completed the exchange of initial and rebuttal expert reports as required by ¶¶16-18 of the Court's Scheduling and Jury Pretrial Order.

Stipulated this 1st day of May, 2013.

Respectfully submitted,

/s/ Charles M. Sims
Charles M. Sims (VSB No. 35845)
Thomas M. Wolf (VSB No. 18234)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
804-783-2003 Telephone
804-783-2294 Facsimile
Charles.Sims@leclairryan.com
Thomas.Wolf@leclairryan.com

Ronald Y. Rothstein (*pro hac vice*)
Kevin P. McCormick (*pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
312-558-5600 Telephone
312-558 5700 Facsimile
rrothstein@winston.com

Attorneys for Pennington Seed, Inc.

/s/ Stephen P. Demm
Stephen P. Demm (VSB No. 30534)
Thomas G. Slater, Jr. (VSB No. 05915)
John G. Maynard, III (VSB No. 40596)
Shelley L. Spalding (VSB No. 47112)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
804-788-8200 Telephone
804-788-8218 Facsimile
sdemm@hunton.com
tslater@hunton.com
jgmaynard@hunton.com
sspalding@hunton.com

Bradley W. Grout (*pro hac vice*)
HUNTON & WILLIAMS LLP
600 Peachtree Street NE, Suite 4100
Atlanta, Georgia 30308
404-888-4283 Telephone
404-888-4190 Facsimile
bgrout@hunton.com

Samuel A. Danon (*pro hac vice*)
HUNTON & WILLIAMS LLP

        1111 Brickell Avenue
Suite 2500
Miami, Florida 33131
305-810-2500 Telephone
sdanon@hunton.com

Attorneys for The Scotts Miracle-Gro
Company, Inc. and The Scotts Company, LLC

**SO ORDERED.**

_____
      United States District Judge

Dated: _____